PER CURIAM:
Contrary to his pleas, appellant was convicted of two specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. A panel of officer members sitting as a general court-martial sentenced him to a bad-conduct discharge, 24 months’ confinement, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged and the court below affirmed. We granted review of the following issue:
WHETHER THE MILITARY JUDGE ERRED BY' ALLOWING OPINION/REPUTATION TESTIMONY ABOUT APPELLANT’S CREDIBILITY WHEN APPELLANT NEVER TESTIFIED AND THE HEARSAY TESTIMONY USED TO JUSTIFY ITS ADMISSION WAS NOT OBJECTED TO BY THE GOVERNMENT, AND WAS COLLATERAL OR FOR LIMITED PURPOSES ONLY.
FACTS
Before going on temporary duty from Kadena Air Base, Okinawa, Japan, to Saudi Arabia in September 1996, Senior Airman Davis gave appellant a special power of attorney to take care of his car. When Davis returned, he noticed several items were missing from his car. When he confronted appel *396 lant on several occasions about the missing items, he received different responses. Appellant contends that he had an agreement to buy the car; thus he could take items from the car. Davis testified that in a telephone conversation, appellant told him that he had replaced the engine in Davis’ car with a more powerful engine.
Likewise, in October 1996, Airman Cox departed Kadena Air Base on leave and left appellant with a power of attorney to take care of various personal items, including a video camera, and to sell his car. Instead of selling the car, appellant gave the car to Airman Price.
Airman Oda testified about being “offered” a video camera when defense counsel asked him: “[D]id you actually see the video camera?” Oda responded, ‘Yes Sir. I seen it after someone else bought it.” Oda also testified that appellant said the camera “belonged to him.” Based on these statements from appellant introduced by the defense, the prosecution on several occasions introduced opinion and reputation evidence as to appellant’s untruthfulness. The defense had elicited the statements from Davis and Oda to show appellant’s “mistaken belief’ that appellant had permission to dispose of the property. Final Brief at 8.
In United States v. Goldwire, 55 MJ 139, 143 (2001), we recognized that Mil.R.Evid. 806, Manual for Courts-Martial, United States (1995 ed.), applies by its express terms to “Mil.R.Evid. 801(d)(2), (C), (D), or (E).” We also held that it applies to introduction of hearsay. Id. at 143 (maj. op) and 146 (Sullivan, J., concurring in the result). Once appellant’s pretrial statement is admitted [for purposes of Mil.R.Evid. 806], appellant is treated as a testifying witness and the Government may properly introduce reputation and opinion evidence to impeach appellant’s truthfulness. United States v. Goldwire, supra. Both the statements by Davis and Oda that directly or indirectly indicate appellant’s ownership of the items alleged under the larceny specification were offered as state-of-mind evidence to establish the defense’s theories of the case — that appellant mistakenly believed he could dispose of the property as he wished. Trial counsel argued that these statements were admitted under Mil.R.Evid. 803(3) and defense counsel did not dispute that statement. Its introduction under the state-of-mind exception formed the predicate for impeachment explicitly recognized in Mil.R.Evid. 806. Moreover, even if the statements were not hearsay defense, the statements put the credibility of appellant’s mistake-of-fact defense at issue. Thus, we hold that once defense counsel’s cross-examination sought to introduce appellant’s exculpatory statements, it was appropriate to introduce character evidence as to appellant’s untruthfulness.
The decision of the United States Air Force Court of Criminal Appeals is affirmed.